# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL DUANE MARLIN** | * | |
| Reg. # 08387-003 | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 2:06CV0004 SWW/BD |
| | * | |
| **EDWARD RAPER,** *et al.* | * | |
| | * | |
| **Defendants** | * | |

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District

Judge, you must, at the same time that you file your written objections, include the following:

1. Why the evidence desired to be introduced at the requested hearing was not offered to the Magistrate Judge for consideration.

2. The detail of any testimony desired to be introduced at a hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**II.     Background**

Plaintiff Marlin, a federal inmate, filed this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213 (1994) while incarcerated at the Federal Correctional Institution (FCI) at Forrest City, Arkansas.  His Complaint alleges that the Defendants engaged in a civil conspiracy resulting in conditions of confinement that violated his Eighth Amendment rights, as well as deliberate indifference to those conditions.  The Plaintiff requests an award of compensatory and punitive damages of at least $2,000,000 against Defendant Dube-Gilley and an award of at least

$1,000,000 each against Defendants Raper, Totten, and Goetz. Additionally, the Plaintiff demands that Defendants Raper, Totten, and Goetz be terminated from their employment with the loss of all retirement benefits.

Plaintiff Marlin states in his Complaint that he developed a sinus infection while incarcerated at FCI that resulted in treatment at Forrest City Baptist Hospital. He then received a medical profile from the FCI medical clinic that allowed him use of a wheelchair for two weeks, from April 12, 2005 until April 26, 2005. Plaintiff Marlin alleges that Defendant Jill Dube-Gilley, Unit Manager at FCI, conspired to have his medical convalescence rescinded and violated his constitutional rights by assigning him to work for the prison Safety Department during the two weeks he was confined to a wheelchair.

The Plaintiff further alleges that Defendant Edward Raper, Safety Supervisor at FCI, violated his constitutional rights by assigning him to work in the warehouse of the Safety Department without providing safety shoes or access to a handicapped-accessible bathroom. He also complains of blocked exit doors in the warehouse and states that his hearing impairment should have prevented this assignment. The Plaintiff states that the work assignment required him to sit in the wheelchair for eight or more hours, causing pain and discomfort because of his disabilities.

Plaintiff Marlin filed an Amended Complaint on March 17, 2006 (docket entry #10) asserting that senior Safety Department Supervisors Totten and Goetz failed to protect him from these unconstitutional conditions of confinement after he "appealed to

each to cease and desist the potential risk of harm or injury [to] E. Raper and the main conspirator was portraying on the plaintiff."

On June 22, 2006, the Defendants filed a Motion to Dismiss (docket entry # 23) contending that the Plaintiff failed to exhaust available administrative remedies; that Plaintiff's official capacity claims are barred by sovereign immunity; that Plaintiff's claims against Defendants Totten and Goetz based on *respondeat superior* are not actionable; that Defendants are entitled to qualified immunity; that Plaintiff failed to state a constitutional claim; and that the ADA does not apply to the federal government. The Plaintiff filed Responses (docket entries #25 and #27) and a Memorandum in Support (docket entry #26).

**III.   Law and Analysis**

The Plaintiff's complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.

1985). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint, *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

### A.    Exhaustion

The Plaintiff asserts that he has exhausted his administrative remedies, relying on Bureau of Prison remedies number 381439, 377373, and 378985. Defendants contend that the Plaintiff failed to exhaust his administrative remedies before filing this action, arguing that remedy number 381439 was unrelated to this action, and that remedies number 377373 and 378985 were rejected as untimely and not were adjudicated.

Congress enacted the Prison Litigation Reform Act (PLRA) to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 424 (2002). The PLRA requires administrative exhaustion prior to the commencement of a lawsuit challenging prison conditions. "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 738 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained."). Exhaustion "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. This Circuit has

stated that "[u]nder the plain language of 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis original).  To exhaust administrative remedies properly and in compliance with the PLRA, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. ___, ___, 126 S.Ct. 2378.  These procedural rules are defined by the particular prison grievance process, not the PLRA. *Id.*

An inmate exhausts administrative remedies by filing a grievance and appealing the grievance through all appropriate levels.  The Bureau of Prisons (BOP) Administrative Remedy process is an internal three-step procedure by which inmates may complain about almost any aspect of their confinement.  *See* 28 C.F.R. §542.10 et seq. Before beginning the formal process, the inmate has opportunity to attempt informal resolution of the grievance by presenting his problem directly to the staff member having responsibility for the area or program involved.  If unsuccessful, an "informal resolution form" sometimes referred to as a BP-8 or 81/2 will then be issued.  In the event this informal resolution fails, the formal process will begin.  The inmate must first address his complaint to the institution staff via a BP-9 form at the institution where that inmate is located within 20 days of the date on which the basis of the request occurred. *See* 28 C.F.R. § 542.14(a).  If the prisoner has a valid reason for delay, the prisoner can request that an extension of filing time be granted. *See* 28 C.F.R. § 542.14(b).  Appeal is made to

the Regional Director utilizing a BP-10 form. *See* 28 C.F.R. §542.14 & 542.15.  Final appeal is to the General Counsel in the Central Office of the BOP using a BP-11 form within thirty days of the Regional Director's decision.  Exhaustion requires presentation and denial at all three levels and compliance with administrative timeliness requirements.

The Defendants submitted a declaration with their motion that included a description of the BOP system for managing prisoner administrative remedy submissions. Each remedy submitted to a BOP institution, region, and Office of the General Counsel is recorded and maintained in a computerized information system called SENTRY.  In the Defendants' declaration, An Tran, an Attorney-Advisor for the BOP Consolidated Legal Center, stated that a search of the SENTRY system revealed that the Plaintiff has submitted 169 remedy requests since his incarceration within the BOP in 2004.  Among the 169 grievances, the SENTRY record shows that remedy number 384139 concerned a complaint of unsanitary shower floor conditions, and that remedies number 377373 and 378985 were rejected for various deficiencies at all three levels, including untimeliness, and were not adjudicated.

Although the Defendants' declaration and the included computerized data from the SENTRY system constitutes evidence that the Plaintiff did not properly exhaust the issues raised in his Complaint, the Plaintiff alleges that he was not given the forms required to make timely submission of administrative remedies when he requested them.

As noted above, the PLRA provides that, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If prison officials prevent a prisoner form utilizing the grievance system, it is not an "available remedy" under § 1997e(a). *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

Here, the Plaintiff alleges that the Defendants prevented him from filing timely grievances. The Defendants provide no evidence, arguments, or affidavits to the contrary. Therefore, it is uncontested, at this point in the lawsuit, that prison officials denied the Plaintiff timely access to the required forms and effectively denied his access to all available remedies. The Plaintiff's allegations are sufficient to raise an inference that he has exhausted "available" remedies and to survive a motion to dismiss.

    **B.**    **Plaintiff's Claims**

        **1.**    **Conditions of Confinement Claim**

The Plaintiff alleges in his Complaint that Defendant Raper, "knowing of all the safety violations," placed him in "dangerous and possible death situations" by assigning him to work in the Safety Department warehouse. The dangerous and deadly conditions the Plaintiff points to are blocked exits doors, lack of safety shoes, his impaired hearing, and lack of a handicapped-accessible bathroom in the work area. The plaintiff further alleges that as a result of his work assignment he was required to sit in a wheelchair for at least eight hours, causing him pain and suffering.

In the prison work assignment context, prison officials are deliberately indifferent when they knowingly compel "an inmate to perform labor that is beyond the inmate's strength, dangerous to his or her life or health, or unduly painful." *Sanchez v. Taggart,* 144 F.3d 1154, 1156 (8th Cir. 1998). To establish that the Plaintiff's conditions of confinement in his work assignment violated the Eighth Amendment's prohibition against cruel and unusual punishment, he must show that (1) the alleged deprivation was sufficiently serious and resulted in a denial of the "minimal civilized measure of life's necessities," and (2) Defendants were deliberately indifferent to an excessive risk to his health or safety, meaning that they actually knew of but disregarded the risk. *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995). Discomfort does not amount to cruel and unusual punishment; conduct must be so inhumane, base, or barbaric as to shock the sensibilities. *Buckley v. Barrow*, 997 F.2d 494 (8th Cir. 1993) (citing *Porth v. Farrier*, 934 F.2d 154, 157 (8th Cir. 1991)). Additionally, the PLRA requires that, in order for Plaintiff to state a cognizable claim for relief, a plaintiff must allege that he suffered physical injury from his allegedly unconstitutional conditions of confinement. 42 U.S.C. § 1997e(e).

The Plaintiff fails to state a claim that entitles him to relief based on a theory that he was subjected to constitutional violations amounting to cruel and unusual punishment resulting from his work assignment. Blocked exits, lack of safety shoes, and lack of special facilities for temporarily wheelchair-bound inmates do not objectively constitute serious deprivation or represent denial of a minimal civilized measure of life's necessities

that shocks the sensibilities. Further, there is no allegation that these conditions caused the Plaintiff harm or injury as required by the PLRA.

While the Plaintiff does not allege injuries as a result of his assignment and labor in the Safety department, he does allege that his assignment in the warehouse required him to sit in a wheelchair for more than eight hours, causing pain and discomfort to his existing disabilities. In support of his claim, the Plaintiff submitted a copy his Medical Report of Duty Status. This medical profile states that the Plaintiff was assigned to a wheelchair for a period of two weeks, from April 12 through April 26, 2005.[1] While the medical profile shows that the Plaintiff was allowed use of a wheelchair for a period of two weeks of convalescence, there are no duty, labor, or assignment restrictions. The Plaintiff's claims fail to meet the objective requirements for unconstitutional conditions of confinement, and his medical profile shows that the Defendants did not demonstrate deliberate indifference. The Court finds that the Plaintiff's claim falls far short of supporting an action for damages under the Constitution for his conditions of confinement.

### 2.     Failure to Protect Claim

The Plaintiff filed an Amended Complaint that alleges that Defendants Totten and Goetz—senior supervisors in the Safety Department—were aware that his assignment entailed a "potential risk of harm" and caused him pain and discomfort. The Plaintiff's

---

[1] The record shows that the Plaintiff was assigned to the Safety Department from April 18 through April 29, 2005.

allegations against Defendants Totten and Goetz are best construed as a failure to protect claim.

The Eighth Amendment protects incarcerated prisoners from cruel and unusual punishment, and it encompasses a prisoner's right to be free from the unnecessary and wanton infliction of pain at the hands of correctional officers. *See Hudson v. McMillian*, 503 U.S. 1 (1992). To prevail on a claim of failure to protect, "inmates must make two essential showings." *Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996). "First, they must demonstrate that they are 'incarcerated under conditions posing a substantial risk of serious harm.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). This objective requirement ensures that the deprivation is sufficiently serious to amount to a deprivation of a "constitutional dimension." *Id.* "The second requirement inquires into the subjective state of mind of the prison official who is being sued." *Id.* It mandates that the plaintiff show that the official "knows of and disregards and excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* (citing *Farmer*, 511 U.S. 825). "This subjective requirement ensures that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

Because the Plaintiff's claim for unconstitutional conditions of confinement fails as discussed above, the Plaintiff cannot establish the objective element as required for a failure to protect claim.

### 3.   Civil Conspiracy

Plaintiff's conclusory allegations of conspiracy fail to state a cognizable § 1983 claim.  The Eighth Circuit has held that a party must plead conspiracy allegations with sufficient specificity and factual support to suggest a meeting of the minds.  *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988).  Even if the Plaintiff had established violation of constitutional rights in his conditions of confinement, he does not set forth specific facts suggesting that the Defendants had a meeting of the minds and acted in concert to deprive him of such constitutional rights.  Instead, he merely makes conclusory allegations without any factual support.

### 4.   ADA Claim

The Plaintiff additionally filed this *Bivens* complaint under the Americans With Disabilities Act (ADA).  An actionable claim under the ADA must be pled under Title II of the act, which concerns public services and transportation operated by state and local governments.  Title II prohibits the exclusion from, or denial of, participation in "the benefits of the services, programs, or activities of a public entity."  42 U.S.C. § 12132. The ADA defines "public entity" as any state or local government.  *Id.*  Title II does not

apply, however, to the federal government.  See *Cellular Phone Taskforce v. F.C.C., 217 F.3d 72 (2nd Cir. 2000)*.  Therefore, the Plaintiff's ADA claim must be dismissed.

**IV.     Conclusion**

The Plaintiff's Complaint fails to state an actionable claim against the named Defendants.  Accordingly, the Court recommends that the Defendants' Motion To Dismiss (docket entry # 23) be GRANTED, that Plaintiff's Motion for Hearing (docket entry # 30) be DENIED as moot, and that the Plaintiff's claim be dismissed with prejudice.  The Court also recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

DATED this 23rd day of February, 2007.

_____
MAGISTRATE JUDGE
U.S. DISTRICT COURT

---

[2]The three-strikes provision of the Prison Litigation Reform Act ("PLRA"), requires a court to dismiss an inmate's *in forma pauperis* action if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."